IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deontre Devyon Williams, #31389-171, | C/A No. 8:17-1125-RMG-JDA |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons, FCI-2, J.G. Holland, Complex Warden, | |
| Respondent. | |

Deontre Devyon Williams ("Petitioner"), proceeding pro se and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner incarcerated at the Federal Medical Center in Butner, North Carolina. The Petition is subject to summary dismissal.

## **BACKGROUND**

Petitioner alleges the following facts. In Cr. No. 3:16-424 (001 CMC) in the District of South Carolina, Petitioner pled guilty to a federal crime, and the Honorable Cameron McGowan Currie sentenced him to sixty months imprisonment and three years of supervision. [Doc. 1.] Petitioner brings this action to challenge the sentence calculation or loss of sentence credits by prison officials. [*Id.*] Specifically, he alleges that he was arrested for the offense on September 8, 2015, and he was never released from the York County Detention Center. [*Id.*] After he pled guilty in federal court and was sentenced by Judge Currie, he was taken to the Federal Medical Center in Butner, North Carolina, and he was given one day of jail time credit. [*Id.*] He believes that he should have been given nine months of pretrial sentence credits. [*Id.*] Thus, for his relief, Petitioner requests that the Bureau of Prisons ("BOP") grant him nine months credit towards his sentence based

on his pretrial detention, which he calculates should be a total of 18 months jail time credit. [*Id.*]

Petitioner contends that he raised the issues through the Bureau of Prisons administrative remedy program and fully exhausted the process. [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

A § 2241 action generally challenges the execution or implementation of a federal prisoner's sentence, such as the BOP's administration of the Inmate Financial Responsibility Program, computation of sentence, prison disciplinary actions, and prison transfers. *See Fontanez v. O'Brien*, 807 F. 3d 84, 87 (4th Cir. 2015); *Lagos-M v. Warden of FCI Williamsburg*, C/A No. 0:08-2913-HMH-PJG, 2009 WL 1749772, at *2 (D.S.C. June 22, 2009). District courts are authorized to grant writs of habeas corpus "within their respective jurisdiction." *See* 28 U.S.C. § 2241(a). And, a writ of habeas corpus "shall be directed to the person having custody of the person detained." *See* 28 U.S.C. § 2243. Therefore, a § 2241 action ordinarily is properly filed in the district where the inmate is incarcerated. This is because a § 2241 challenge needs "to be brought in the judicial district which can acquire jurisdiction *in personam* over the complaining inmate or the inmate's custodian." *United States v. Lynch*, 647 F. Supp. 1293 (D.S.C. 1986); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (explaining that "district courts are limited to granting habeas relief 'within their respective jurisdiction,'" such that the court issuing the writ must have jurisdiction over the custodian).

In the instant case, Petitioner was incarcerated in another judicial district, the Eastern District of North Carolina, at the time this action was filed. It appears that Petitioner named his custodian—Warden Holland—as the Respondent. However, as discussed above, this Court does not have the power to grant the writ unless the writ would be directed to a respondent within this Court's jurisdiction. Such is not the case here. This Court does not have the power to grant a writ of habeas corpus directed to a North Carolina custodian. Accordingly, this Court does not have jurisdiction over this § 2241 action, and

3

it should be dismissed without prejudice so that Petitioner may bring it in the appropriate court.[*]

**RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

June 8, 2017  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

---

[*] Whether to transfer this case to the appropriate district court is discretionary and not mandatory. *See Williams v. Warden*, C/A No. 1:15-1086-RBH, 2015 WL 2345272, at *3 (D.S.C. May 15, 2015). Because it appears that Petitioner was sentenced on March 1, 2017, and allegedly recently completed the BOP administrative process, there does not appear to be a limitations issue. If he desires to continue to pursue his claim, Petitioner should bring this action in the appropriate court, complete that court's § 2241 form, after fully completing the BOP administrative process.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).